# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-11-041 EMD CCLD |
| | ) | |
| HEADLANDS TECH PRINCIPAL | ) | |
| HOLDINGS, L.P., formerly known as | ) | |
| Headlands Principal Holdings, LP, a | ) | |
| Delaware Limited Partnership, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: October 15, 2020
Decided: October 16, 2020

## ORDER REFUSING TO CERTIFY PLAINTIFFS' APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This 16th day of October, 2020, upon consideration of Plaintiff's Application for Certification of an Interlocutory Appeal (the "Application")[1] filed by Plaintiff James Thomas on October 5, 2020;[2] Defendants' Response to Plaintiff's Application for Certification of an Interlocutory Appeal, and, in the Alternative for Certification of Count II (the "Response") filed by Defendant Headlands Tech Principal Holdings, LP, formerly known as Headlands Principal Holdings, LP ("Principal Holdings"), on October 15, 2020;[3] the Court's Opinion[4] dated September 22, 2020 (the "Opinion");[5] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 32.
[3] D.I. No. 45.
[4] D.I. No. 28.
[5] *Thomas v. Headlands Tech Principal Hld'gs, L.P.*, 2020 WL 5946962 (Del. Super. Sept. 22, 2020).

**INTRODUCTION**

1.    This civil action relates to a purported breach of a voluntary repurchase, separation and release agreement dated April 30, 2014 ("Separation Agreement").[6] On November 6, 2019, Mr. Thomas filed his Complaint against Principal Holdings. The Complaint contains two causes of action: (i) breach of the Separation Agreement (Count I); and (ii) breach of an implied covenant of good faith and fair dealing as it relates to the Separation Agreement (Count II).[7] Count II is plead in the alternative.[8]

2.    On December 20, 2019, Principal Holdings filed its Motion to Dismiss (the "Motion").[9] Mr. Thomas opposed the Motion.[10] After a hearing on May 28, 2020, the Court took the Motion under advisement.[11] The Court then issued the Opinion, holding that Mr. Thomas failed to state a claim in Count I, but adequately plead a claim in Count II.[12]

3.    Mr. Thomas has now applied, under Rule 42, for certification of Mr. Thomas' interlocutory appeal of the Court's decision granting, in part, Principal Holding's motion to dismiss. Mr. Thomas contends that the Court improperly interpreted the terms of the Separation Agreement and applicable law.[13] Mr. Thomas claims that the Application meets the criteria listed in Rules 42(b)(i)[14] and 42(b)(iii)(B), (G) and (H).[15] Principal Holdings opposes certification, arguing that the Opinion does not decide a substantial issue of material

---

[6] *Id*. at *1.
[7] *Id*.
[8] *Id*.
[9] D.I. No. 17.
[10] D.I. No. 19.
[11] D.I. No. 27.
[12] *Thomas,* 2020 WL 5946962, at *5-8.
[13] App. at 4-12.
[14] *Id*. at 13-17.
[15] *Id*. at 18-21.

importance[16] and satisfies none of the Rule 42(b)(iii) factors.[17] Principal Holdings also asks, in the alternative, to certify the Opinion as to Count II.[18]

## APPLICABLE STANDARD

4. Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[19] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[20] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[21] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[22]

---

[16] Res. at 2-5.

[17] *Id*. at 6-11.

[18] *Id*. at 11-13.

[19] Del. Supr. Ct. R. 42(b)(i).

[20] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
(A) The interlocutory order involves a question of law resolved for the first time in this State;
(B) The decisions of the trial courts are conflicting upon the question of law;
(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice. *See* Del. Supr. Ct. R. 42(b)(iii).

[21] *Id.*

[22] *Id.*

3

**DISCUSSION**

5.      Initially, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[23]  The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[24]  Mr. Thomas, in form and essence, object to the Court's interpretation and application of the law to the language of the Separation Agreement as it relates to his claims against Principal Holdings.

6.      The Supreme Court has before refused to entertain interlocutory appeals of decisions in contract cases.[25]  This is because "[a]s a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[26]  The Motion required the Court to interpret the provisions of the Separation Agreement under straightforward legal principles regarding contract interpretation.  While the Court agrees that the Opinion disposes of Count I, this does not necessarily create a "substantial issue of material importance" out of a mere contract dispute.[27]

---

[23] *Id.* 42(b)(i).

[24] *Id.*

[25] *See, e.g., Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (refusing to grant interlocutory appeal of a Delaware Superior Court decision addressing cross-motions for summary judgment in an insurance coverage dispute turning on issues of contract interpretation); *Robino-Bay Court Plaza, LLC v. W. Willow-Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (refusing to grant interlocutory appeal when the underlying issue was one of Delaware contract interpretation).

[26] *REJV5 A WH Orlando, LLC v. A WH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018), *appeal refused*, 182 A.3d 115 (Del. 2018).  *See also Steadfast Ins. Co. v. DBI Servs., LLC*, 2019 WL 3337127 (Del. Super. July 25, 2019).

[27] *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (affirming the Delaware Superior Court's refusal to certify an interlocutory appeal because "while the particular exclusion at issue ha[d] not previously been interpreted in Delaware, the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression.").

4

7.     On the threshold requirement of a substantial issue of material importance, alone, the Court would deny certification of the Application.[28]  For completeness, however, the Court will also consider the factors set forth in Rule 42(b)(iii).

8.     The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice."[29]  Mr. Thomas argues that three of the eight factors are met and the Court should certify the interlocutory appeal.

9.     Mr. Thomas contends that Rule 42(b)(iii)(B) is satisfied because the Court's approach to the Separation Agreement and "conditions precedent" conflicts with other trial court decisions.  Mr. Thomas concedes that the Court recognized the issue but then contends that the Court failed to distinguish other case law on this same issue.  The Court does not agree that the Opinion creates a split of authority among the trial courts in Delaware.  The Court looked to the entire Separation Agreement and issued its decision on the Motion.  The Court did not reject or fail to acknowledge existing law.  Instead, the Court read the entire Separation Agreement, applied existing law and ruled on the Motion.

10.     Mr. Thomas argues that this creates a split of authority but he is just saying that the Court should have interpreted the language differently.  Even if the Court interpreted the

---

[28] *See, e.g., Steadfast Ins. Co. v. DBI Servs. LLC,* 221 A.3d 527 (Del. 2019) (TABLE) (denying interlocutory appeal that involved issues of contract interpretation); *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (TABLE) (denying interlocutory appeal upon noting the "dispute turn[s] on issues of contract interpretation"); *Robino–Bay Court Plaza, LLC v. West Willow–Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (TABLE) (declining to grant interlocutory appeal of this court's construction of the operative contract); *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (TABLE) (declining interlocutory appeal where "the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression").
[29] Del. Supr. Ct. R. 42(b)(iii).

5

Separation Agreement incorrectly, the Court did not create a trial court split or grounds for an interlocutory appeal.[30]

11.     Mr. Thomas next argues that Rule 42(b)(iii)(G) applies in that an interlocutory appeal and reversal of the Opinion may terminate the litigation.  The Court is at a loss as to how this could be true.  The Court only ruled on a motion to dismiss for failure to state a claim.  The Court did not address the factual issue of "reasonableness," or any defenses Principal Holdings may have to Count I.  Moreover, the Court did not dismiss Count II.  If the Supreme Court reverses the Opinion on an interlocutory appeal, this case will proceed on both Count I and II.

12.     Mr. Thomas contends that a review of the Opinion may serve considerations of justice.  Here, Mr. Thomas argues that underlying case scheduling and alike will be inefficient and unjust unless the Supreme Court allows an interlocutory appeal of the Opinion.  The Court cannot agree with this argument as it would mean that any time the Court dismisses a plaintiff's case in part then extraordinary circumstances would exist for an interlocutory appeal.  Interlocutory appeals should be exceptional and not routine.

13.     The Court believe that certification would not promote the most efficient and just schedule to resolve this case.  Even if an interlocutory appeal may reinstate Count I, the Court does not find that these three (of eight) factors warrant granting Mr. Thomas' certification request when considering the totality of the circumstances.  "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[31]  This case is not exceptional despite the claims made in the Application.

---

[30] *See, e.g., Renco Grp., Inc. v. MacAndrews AMG Hld'gs LLC*, 2015 WL 1830476, at *2 (Del. Ch. Apr. 20, 2015).
[31] Del. Supr. Ct. R. 42(b)(ii).  *See also Robino-Bay Court Plaza, LLC v. W. Willow-Bay Court, LLC*, 941 A.2d 1019 (Del. 2007)(refusing interlocutory appeal where the court only interpreted the underlying contract and did not change the legal standards for contract interpretation).

6

14. The Court would also refuse to certify the Opinion as to Count II for the same reasons it has refused to certify as to Count I.

15. For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[32] Accordingly, the Court finds that Mr. Thomas has not met Rule 42's strict standards for certification.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated: October 16, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[32] Del. Supr. Ct. R. 42(b)(iii).

7